

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**VIRGINIA J. NIMICK**
phone: (212) 788-0824
fax: (212) 788-0367
email: vnimick@law.nyc.gov

November 15, 2011

<u>**BY ECF**</u>
Honorable Marilyn D. Go
United States Magistrate Judge
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: <u>Dennis Gambino v. City of New York, et al.</u>
       11 CV 5026 (FB) (MDG)

Your Honor:

    I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation counsel of the City of New York, representing defendant City of New York in the above-referenced matter in which plaintiff alleges, *inter alia*, that he was falsely arrested by officers of the New York City Police Department.  Defendant respectfully requests an extension of its time to answer or otherwise respond to the complaint until January 17, 2012.  Plaintiff's counsel consents to this application.

    There are several reasons for seeking an enlargement of time in this matter.  In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations set forth in the complaint.  Furthermore, it is our understanding that the records of the underlying criminal actions, including police records, may have been sealed pursuant to N.Y. Crim. Pro. L. § 160.50.  Therefore, this office has forwarded to plaintiff for execution consents and authorizations for the release of sealed arrest and criminal prosecution records so that defendant City can access the information, evaluate the claims in the complaint, and properly respond to the allegations therein.

    Additionally, I respectfully note for the Court's information that, according to the civil docket sheet, the individually named defendants, John and Jane Doe 1-10, have not yet been

identified or served with process.  Thus, this enlargement should give plaintiff time to identify and serve the John/Jane Doe defendants.  If these defendants are timely served, this enlargement may also allow this office time to conduct an inquiry to determine whether it will represent them in this action.  *See* General Municipal Law § 50(k); *Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985); *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).  Finally, as this office has not discussed representation with the as-yet identified officers, this request for an extension of time is not made on their behalf.  However, given the time involved in determining the representation of an employee of the New York City Police Department, and in the interest of judicial economy, we hope that the court may, *sua sponte*, extend their time to respond as well if they are served in a timely manner.

No previous request for an extension has been made.  Accordingly, we respectfully request that defendant City's time to answer or otherwise respond to the complaint be extended to January 17, 2012.

Thank you for your consideration of this request.

Respectfully Submitted,

/s/

Virginia J. Nimick
Assistant Corporation Counsel

cc:     Brett Klein, Esq.
        *Attorneys for Plaintiffs*

2